UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: DePUY ORTHOPAEDICS, INC ASR HIP IMPLANT PRODUCTS LIABILITY LITIGATION | MDL No. 1:10-md-02197<br><br>**SHORT FORM COMPLAINT FOR DePUY ORTHOPAEDICS, INC., ASR HIP IMPLANT PRODUCTS LIABILITY LITIGATION.** |
| THIS APPLIES TO:<br><br>Larry Bohn v.<br>DePuy Orthopaedics, Inc., et al. | **JURY TRIAL DEMAND** |

LARRY BOHN,

   Plaintiff,

 -vs.-

DePUY ORTHOPAEDICS, INC.; DePUY, INC.; DEPUY INTERNATIONAL, LIMITED; JOHNSON & JOHNSON; JOHNSON & JOHNSON SERVICES, INC.; JOHNSON & JOHNSON INTERNATIONAL,

   Defendants.

**ABBREVIATED SHORT FORM COMPLAINT FOR DePUY ORTHOPAEDICS, INC. ASR HIP IMPLANT PRODUCTS LIABILITY LITIGATION**

1

1. Plaintiff, Larry Bohn, states and brings this civil action before the Court for the United States District Court for the Northern District of Ohio as a related action in the matter entitled <u>IN RE: DePUY ORTHOPAEDICS, INC. ASR HIP IMPLANT PRODUCTS LIABILITY LITIGATION</u>, MDL No. 2197. Plaintiff is filing this short form complaint as permitted by Amended Case Management Order No. 4 of this Court.

## ALLEGATIONS AS TO VENUE

2. Venue of this case is appropriate in United States District Court for the Northern District of Ohio, the Northern District of Indiana, the District of New Jersey and the District of Kansas. Plaintiff states that but for the Order permitting direct filing into the Northern District of Ohio pursuant to Case Management Order No. 4, Plaintiff would have filed in one of the afore-mentioned District Courts. Therefore, Plaintiff respectfully requests that at the time of transfer of this action back to the trial court for further proceedings that this case be transferred to a court of appropriate jurisdiction for trial based on the recommendations of the parties to this case.

3. Plaintiff Larry Bohn is a resident and citizen of Wabaunsee County in the State of Kansas and claims damages as set forth below.

4. Plaintiff Larry Bohn was born in 1945.

5. Plaintiffs claim damages as a result of:

      \_\_\_√\_\_\_\_ injury to himself

      _____ injury to the person represented

      _____ wrongful death

      _____survivorship action

      \_\_\_√\_\_\_\_economic loss

\_\_\_√\_\_\_\_ loss of services

\_\_\_√\_\_\_\_ loss of consortium

## ALLEGATIONS AS TO INJURIES

6. Plaintiff Larry Bohn was implanted with a DePuy ASR hip implant in his right hip on or about November 4, 2008 at the Stormont-Vail Regional Medical Center, Topeka, Kansas, by Brett E. Wallace, M.D.

7. Following the implantation, Plaintiff suffered the following personal and economic injur(ies) as a result of the implantation with the ASR hip implant: pain and suffering, additional unforeseen surgeries, reduced mobility, loss of personal dignity, and significant and chronic pain.

8. Plaintiff underwent a debridement surgery on or about March 4, 2011, at Stormont-Vail Regional Medical Center by Brett E. Wallace, M.D.

9. Plaintiff had the right ASR hip implant explanted on March 18, 2011, at Stormont-Vail Regional Medical Center by Brett E. Wallace, M.D.

10. Plaintiff has suffered injuries as a result of implantation of the DePuy ASR hip implant manufactured by defendants as shall be fully set forth in Plaintiff's Fact Sheet and other responsive documents provided to the defendants and are incorporated by reference herein.

11. At the time of implantation with the ASR hip implant, Plaintiff resided in Alma, Wabaunsee County, Kansas.

12. The Defendants, by their actions or inactions, proximately caused Plaintiff's injuries.

13. Plaintiff could not have known that the injuries he suffered were as a result of a defect in the ASR hip implant until after the date the device was recalled from the market and Plaintiff came to learn of the recall.

14. As a result of the injuries Plaintiff sustained, he is entitled to recover compensatory damages for pain and suffering and emotional distress and for economic loss as well as punitive damages.

## ALLEGATIONS AS TO DEFENDANTS
## SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY

15. The following claims and allegations are asserted by Plaintiff and are herein adopted by reference:

__√__ FIRST CAUSE OF ACTION
(NEGLIGENCE);

__√__ SECOND CAUSE OF ACTION
(NEGLIGENCE PER SE);

__√__ THIRD CAUSE OF ACTION
(STRICT PRODUCTS LIABILITY-DEFECTIVE DESIGN)

__√__ FOURTH CAUSE OF ACTION
(STRICT PRODUCTS LIABILITY MANUFACTURING DEFECT);

__√__ FIFTH CAUSE OF ACTION
(STRICT PRODUCTS LIABILITY-FAILURE TO WARN);

__√__ SIXTH CAUSE OF ACTION
(BREACH OF EXPRESS WARRANTY);

__√__ SEVENTH CAUSE OF ACTION
(BREACH OF WARRANTY AS TO MERCHANTABILITY)

__√__ EIGHTH CAUSE OF ACTION
(BREACH OF IMPLIED WARRANTIES);

__√__ NINTH CAUSE OF ACTION
(FRAUDULENT MISREPRESENTATION);

__√__ TENTH CAUSE OF ACTION
(FRAUDULENT CONCEALMENT);

__√__ ELEVENTH CAUSE OF ACTION
(NEGLIGENT MISREPRESENTATION);

__√__ TWELFTH CAUSE OF ACTION
(FRAUD AND DECEIT);

__√__ THIRTEENTH CAUSE OF ACTION
(UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER STATE LAW);

__√__ FOURTEENTH CAUSE OF ACTION
(MISREPRESENTATION BY OMISSION);

__√__ FIFTEENTH CAUSE OF ACTION
(CONSTRUCTIVE FRAUD);

__√__ SIXTEENTH CAUSE OF ACTION
(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;

__√__ SEVENTEENTH CAUSE OF ACTION
(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS);

__√__ EIGHTEENTH CAUSE OF ACTION
(GROSS NEGLIGENCE/MALICE);

__√__ NINETEENTH CAUSE OF ACTION
(LOSS OF CONSORTIUM);

__√__ TWENTIETH CAUSE OF ACTION
(PUNITIVE DAMAGES)

__√__ TWENTY-FIRST CAUSE OF ACTION
(MEDICAL MONITORING)

_____ TWENTY-SECOND CAUSE OF ACTION
(VIOLATION OF APPLICABLE STATE CONSUMER FRAUD STATUTE)—
**SPECIFY THE STATUTE ALLEGED** _____

_____ TWENTY-THIRD CAUSE OF ACTION
(RESTITUTION OF ALL PURCHASE COSTS AND DISGORGEMENT OF ALL PROFITS FROM MONIES THAT PLAINTIFF INCURRED IN PURCHASE OF THE HIP IMPLANT)

PLAINTIFF(S) ASSERT(S) THE FOLLOWING ADDITIONAL STATE CAUSES OF ACTION:

_____

_____

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages requested and according to proof;

2. For punitive or exemplary damages against Defendants;

3. For all applicable statutory damages of the state whose laws will govern this action;

4. For medical monitoring, whether denominated as damages or in the form of equitable relief;

5. For an award of attorneys' fees and costs;

6. For prejudgment interest and the costs of suit; and

7. For such other and further relief as this Court may deem just and proper;

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims in this action.

Respectfully submitted,

Date: July 10, 2013        **WILLIAMS KHERKHER HART BOUNDAS, LLP**

By:    /s/ John Boundas_____
       John Boundas
       Margret Lecocke
       8441 Gulf Freeway, Suite 600
       Houston, Texas 77017-5051
       Telephone: (713) 230-2200
       Facsimile: (713) 643-6226

       **ATTORNEYS FOR PLAINTIFFS**